IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTIAGO ROSALES; GLEN S. ELLIS; and CAPSTONE ORTHOPEDIC, INC., <br><br> Plaintiffs, <br><br> v. <br><br> HANGER PROSTHETICS & ORTHOTICS, INC., a Delaware corporation; RICHMOND "RICK" TAYLOR, an individual; and DOES 1 through 50, inclusive, <br><br> Defendants. | 2:08-cv-00724-GEB-KJM <br><br> ORDER[*] |

On May 5, 2008, Plaintiffs filed a motion seeking to remand this action to state court under 28 U.S.C. § 1447 and for an award of attorney's fees and costs incurred in connection with the removal. (Dkt. No. 18.) Defendants oppose the motion. For the following reasons, the motion is granted.

BACKGROUND

On December 21, 2006, Hanger Prosthetics & Orthotics, Inc. ("Hanger") filed suit against, among others, Santiago Rosales, Glen Ellis and Capstone Orthopedic, Inc. (the "Plaintiffs" in this action)

---

[*] This matter was determined to be suitable for decision without oral argument. L.R. 78-230(h).

1

in the Eastern District of California.  (Hanger Prosthetics & Orthotics, Inc. v. Capstone Orthopedic, Inc., No. 2:06-cv-02879-GEB-KJM (E.D. Cal. Dec. 21, 2006).)  On December 21, 2007, Plaintiffs commenced the instant action by filing a complaint in the Superior Court of California for the County of San Joaquin against Hanger and Richmond "Rick" Taylor ("Defendants") containing claims for defamation, malicious prosecution, unfair business practices, intentional interference with prospective economic advantage and trade libel.  (Notice of Removal, Ex. A, Compl., Dkt. No. 1.)  On April 14, 2008, Defendants removed this action to the Eastern District of California under 28 U.S.C. § 1367.

## REMOVAL STANDARD

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by [] the defendants, to the district court [] for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  The removal statute is strictly construed against removal jurisdiction, see Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992), and the party seeking removal "has the burden of establishing that removal [is] proper."  Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996).  There is a "'strong presumption' against removal" and "any doubt as to the right of removal" is resolved in favor of remand.  Gaus, 980 F.2d at 566.

## ANALYSIS

I. Supplemental Jurisdiction

Plaintiffs argue Defendants' removal of this action "to federal court pursuant to [28 U.S.C. §] 1367 is improper and is contrary to well established case law."  (Mot. at 6:1-3.)  Defendants

counter "Plaintiffs' claims . . . constitute compulsory counterclaims under Federal Rule of Civil Procedure 13(a). . . . Because it is closely related to the subject matter of the action, a compulsory counterclaim under Rule 13(a) falls within a federal court's ancillary jurisdiction and an independent basis for federal jurisdiction is not necessary." (Opp'n at 7:14-16, 26-28 (citing Baker v. Gold Seal Liquors, Inc., 417 U.S. 467, 469 n.1 (1974)).)

"Ancillary jurisdiction . . . cannot provide the original jurisdiction that [Defendants] must show in order to qualify for removal under [28 U.S.C.] § 1441." Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 34 (2002). Defendants have cited no authority creating an exception to this rule for compulsory counterclaims.[1]

## II. Diversity Jurisdiction

In their Opposition, Defendants argue that diversity jurisdiction exists over this action because "Plaintiffs included Taylor [the only non-diverse defendant] as a defendant for the sole purpose of destroying diversity. Under the Fraudulent Joinder Doctrine, his inclusion alone does not destroy diversity . . . ." (Opp'n at 3:14-16.) Plaintiffs rejoin that "Defendants attempt to perform a legal magic trick by transforming the basis of removal jurisdiction from supplemental jurisdiction, the sole basis for jurisdiction cited in their notice of removal, to diversity jurisdiction despite defendant Taylor being a citizen of California like the plaintiffs." (Reply at 2:2-5.)

---

[1] Defendants' reliance on Baker is unavailing. Baker involved an action where there was "primary jurisdiction over the parties and over the subject matter" in federal court and the Court was simply noting that "[i]f a counterclaim is compulsory, the federal court will have ancillary jurisdiction over it even though ordinarily it would be a matter for a state court." Baker, 417 U.S. at 469 & n.1.

3

1 Courts "may decline to assert jurisdiction over [a] case for
2 reasons not averred in the removal notice."  14C Charles Alan Wright,
3 Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure §
4 3732 (3d ed. 1998); see also Mattel, Inc. v. Bryant, 441 F. Supp. 2d
5 1081, 1091 n.11 (C.D. Cal. 2005) ("Because these arguments did not
6 appear in the Notice of Removal, the court need not consider them.")

7 Defendants' Notice of Removal was brought under 28 U.S.C.
8 § 1367.  (Notice of Removal at 1.)  Defendants argued in their Notice
9 of Removal, "this action is a civil action of which this Court has
10 ancillary and/or supplemental jurisdiction under 28 U.S.C. § 1367, and
11 is one which may be removed to this Court by Defendants. Specifically,
12 Plaintiffs' claims arise out of the same transactions and/or
13 occurrences that are the subject matter of a case pending in [this
14 district]."  (Id. ¶ 4.)  No other basis for removal was asserted.

15 Defendants argue that "[t]he Civil Cover Sheet filed and
16 served along with Hanger's Notice of Removal plainly discloses the
17 bas[i]s of jurisdiction as diversity.  Moreover, Hanger clarified any
18 confusion in an email exchange between counsel shortly after its
19 filing."  (Opp'n at 6:22-26.)

20 None of Defendants' arguments are availing.  Checking a box
21 on the civil cover sheet does not constitute an "argument;" nor is the
22 civil cover sheet part of the "Notice of Removal." Mattel, 441 F.
23 Supp. 2d at 1091.  The preamble on the civil cover sheet states "the
24 information contained herein [does not] supplement . . . other papers
25 as required by law . . . ."  Nor is the email exchange cited by
26 Defendants part of the Notice of Removal.

27 Defendants further argue that "so long as a case is
28 removable in the first place, a federal court may exercise its

4

1  jurisdiction despite defects in the manner in which removal is
2  effected."  (Id. at 7:10-11 (citing Fristoe v. Reynolds Metals Co.,
3  615 F.2d 1209, 1213 (9th Cir. 1980)).)  However, Fristoe is
4  inapplicable to Plaintiffs' remand motion.  In Fristoe, plaintiff was
5  found to have waived objection to an untimely removal by failing to
6  timely object on that ground.  Here, Plaintiffs' objection is timely.
7  Accordingly, Defendants' diversity jurisdiction argument is not
8  considered.

## III. Attorney Fees and Costs

Plaintiffs argue they should be awarded their attorney's fees and costs because "there was no reasonably objective basis for defendants' Notice of Removal."  (Mot. at 7:19.)  Defendants rejoin that they "removed the instant action in order to simplify the litigation between the parties by having all related matters heard before the same court. . . . Moreover, . . . Hanger had an objectively reasonable basis for seeking removal pursuant to the fraudulent joinder doctrine."  (Opp'n at 9:28-10:6.)

Under 28 U.S.C. § 1447(c) "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  The "standard for awarding fees . . . turn[s] on the reasonableness of the removal.  Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).  "Assessing costs and fees on remand reduces the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff."  Id. at 140.

1       As Defendants implicitly concede, supplemental jurisdiction
2  is not an objectively reasonable basis for removal jurisdiction.
3  <u>Hornung v. City of Oakland</u>, 2006 WL 279337, at *3 (N.D. Cal. Feb. 3,
4  2006) (finding theory of ancillary jurisdiction was not a reasonable
5  basis for removal).  Even if Defendants were trying to seek an
6  efficient resolution of the action, doing so without an objectively
7  reasonable basis for removal still imposed needless costs on
8  Plaintiffs.
9       Defendants argue that even if they did not have an
10 objectively reasonable basis for removal, <u>Hornung v. City of Oakland</u>,
11 2006 WL 279337, (N.D. Cal. Feb. 3, 2006), suggests that in situations
12 such as this "'unusual circumstances warrant a departure from the
13 rule.'"  (Opp'n at 10:9-12 (quoting <u>Martin</u>, 546 U.S. at 141).)  In
14 <u>Hornung</u>, defendants removed the action to federal court based on an
15 ancillary jurisdiction theory.  When defendants discovered their
16 removal theory was improper, they quickly offered a stipulation to
17 remand, which plaintiffs refused absent an award of fees and costs.
18 2006 WL 279337, at *1.  In these circumstances, the <u>Hornung</u> court did
19 not award fees since defendants did not intend to delay the case and
20 plaintiffs themselves caused additional delay.  <u>Id.</u> at *4.  Unlike in
21 <u>Hornung</u>, when the Defendants to this action were made aware of the
22 invalidity of their removal theory, instead of stipulating to remand
23 they asserted an ad hoc theory for removal jurisdiction.  Accordingly,
24 Plaintiffs are entitled to reasonable attorney's fees and costs.
25      Plaintiffs' counsel declares that he spent 5.8 hours
26 preparing the Motion to Remand at a rate of $300 per hour.  (Kachmar
27 Decl. ¶ 3.)  He also requests the right to supplement his Declaration
28 with additional information regarding time spent preparing a reply

6

brief.  (Id.)  The request is granted.  Plaintiff shall submit an Amended Declaration of James Kachmar by 4:00 p.m. on June 23, 2008.  The amount of attorney's fees awarded will be determined subsequently.  See Stallworth v. Greater Cleveland Reg'l Transit Auth., 105 F.3d 252, 257 (6th Cir. 1997) ("[A] district court, after issuing an order of remand, may make an award of attorney fees and costs in a separate order."); Mints v. Educ. Testing Serv., 99 F.3d 1253, 1257-58 (3rd Cir. 1996) (holding a district court retains jurisdiction to award fees and costs after remanding the case to state superior court).

## CONCLUSION

For the reasons stated, Plaintiffs' motion for remand and attorney's fees and costs is granted.  **The Clerk of the Court shall remand this action to the San Joaquin County Superior Court.  Plaintiff has leave to submit an amended declaration provided it is filed by 4:00 p.m. on June 23, 2008.**  If Defendants desire to respond **to** the amended declaration, that response shall be filed by 4:00 p.m. on June 30, 2008.  The amount of attorney's fees awarded will be determined after the last filing deadline.

IT IS SO ORDERED.

Dated:  June 18, 2008

_____
GARLAND E. BURRELL, JR.
United States District Judge